NO. 07-04-0597-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 30, 2005
_____

In the MATTER of the MARRIAGE of BENITA HIGGINS
and JOHNNY L. HIGGINS
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 67,809-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Johnny L. Higgins (John) appeals from a divorce decree ending his marriage to Benita Higgins (Benita). His two issues concern 1) the trial court's refusal to permit him to tender evidence of the balance of the mortgage on Benita's separate real estate on the date of their marriage, and 2) the purportedly unequal division of the marital estate in favor of Benita. We affirm the judgment of the trial court.

### Issue One - Exclusion of Evidence

John initially attacks the trial court's decision to exclude the testimony from Benita about the balance remaining on her mortgage at the time the couple married. He hoped to use the evidence to prove that their marital estate was entitled to economic contribution from her due to that estate's payment of her mortgage with community assets. Benita

objected to the admission of the evidence because John had failed to properly supplement his answers to interrogatories propounded by her. Supplementation did not occur until the day before trial. The trial court sustained the objection and excluded the evidence.

Before us, John argues that the trial court abused its discretion in ruling as it did. This is allegedly so since use of the evidence would not unfairly surprise Benita given that the information was obtained from her. We overrule the issue.

Assuming *arguendo* that the trial court erred in ruling as it did, we find no harm arising from the decision. This is so because the record before us contains no evidence of the monetary contribution made by either the marital estate of Benita and John or the separate estate of Benita. Both amounts are needed to calculate a claim for economic contribution. *See* TEX. FAM. CODE ANN. §3.403(b)(1) & (2) (Vernon Supp. 2005) (stating that the amount of the claim equals the product of the equity in the benefitted property times the fraction of the economic contribution made to the benefitted property by the contributing property over the economic contribution made by the contributing property plus the economic contribution made by the benefitted property). Without these amounts, it does not matter what the balance of the mortgage was when John and Benita married for the claim cannot be calculated. Given this, we cannot say that the trial court's decision probably caused the rendition of an improper judgment or that it probably prevented John from presenting the case to this court. TEX. R. APP. P. 44.1(a)(1) & (2) (describing this as the test for assessing harm).

### Issue Two - Unequal Property Division

Next, John argues that the trial court erred in unequally distributing the marital estate. Allegedly, Benita received 72% of it while he received 28%. We overrule the issue.

2

John's supposition is founded on the belief that the net community estate equaled $217,956.33. The source of that supposition goes unmentioned, however. Yet, if the inventory of Benita is used as its basis, we cannot but conclude that the foundation underlying his argument is wrong.

Of the $217,953.33 mentioned, $182,456.33 consisted of Benita's retirement account. Next, the trial court found that account to be Benita's separate property and not part of the community. Moreover, John does not attack that finding on appeal. So, the community estate does not have a net value of $217,956 but rather $35,497. And, of the $35,497, John received property having a net value approximating $23,500 while the net value of the property received by Benita approximated $12,000. Having received almost twice as much of the community estate as did Benita, John did not establish that the trial court favored her in its division of the community estate.[1] Thus, we cannot say that it abused its discretion in the manner suggested by John.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

---

[1]This court further notes that though the retirement account was found to be the separate property of Benita, the trial court awarded John 20% of it. This further detracts from his argument that he was disfavored in the division of the property.

3